9-3-2 Gazelle versus Schultes. Mr. Carpenter, good morning. Good morning. Please, the Court. Kenneth Carpenter, appearing on behalf of Ms. Margaret Gazelle. This matter deals with the question of statutory interpretation. Let me ask you a quick question, Mr. Carpenter. Yes, sir. The red brief says that you can't provide, that you haven't provided any citation at any time where the VA has ever arithmetically added disability ratings. Can you do that? Can you provide an example? No, I don't believe I can, Your Honor. No. But regardless of their practice, the question here is what does the phrase… They've been doing it since after World War I. I think 1929 or thereabouts they were dealing with World War I. Which, in the words of this court in Gardner and repeated by the Supreme Court in Gardner, that status when did isolation does not mean that they were doing it correctly. They were not doing it correctly, Your Honor, because the phrase additional disabilities independently ratable simply means what it says. It is plain on its face. What the Veterans Court did and what the VA has been doing for decades has been importing their rating schedule or their combined rating table that has absolutely nothing to do with the process of awarding special monthly compensation. There are two specific requirements. The first requirement is that you have a single disability independently or, excuse me, rated totally disabled. That negates the use of the VA's combined rating table. The VA's combined rating table serves only one purpose, and that is when there are multiple disabilities that are not individually rated totally that you collectively analyze those using the table in order to determine the amount of compensation which will be paid up to total. Total has been met by the first requirement. Mr. Gazelle has a single disability rated totally disabled. The question then is when we move to requirement two, why would the VA resort to using 4.25 or their combined rating table? And the answer is that there is no function, there is no purpose except to prevent the award under 1114S and 1. The use of the combined rating table, as in this case, only precludes the qualification. Mr. Gazelle. What was the underlying purpose of the use of the table initially? To determine what the combined efficiency, I believe is the language used in 4.25, of the individual. But that combined efficiency caps any total rating. Once you achieve the total rating, there is no longer a purpose for 4.25. You either achieve it by getting a combined rating of 100% in which this statute would not apply because you would not have a single disability rated total. But when you have, as here, a single disability rated total, you simply look to the other additional disabilities to determine whether they amount to 60% as independently rated. So is it your position that the statute is unambiguous, that it requires a straight-up mathematical formulation? Correct. So we would have to agree with you and agree that there is no interpretation, other interpretation, that could be reasonable, correct? That would be necessary. Under the canons of statutory construction, if the statute is plain on its face, you stop there. Right. If we agree it is unambiguous. If you agree that it is unambiguous. If we thought it was ambiguous and that there was an alternative construction that was at least reasonable, we would have to defer to that, right? With the predicate that it was reasonable, yes. And my view is that it is not reasonable, per se, because it only serves one purpose, that function. And that is to prevent a veteran from qualifying for special monthly compensation under 1114S1. And that is inconsistent with the statutory scheme. The statutory scheme designed a series of special circumstances in which a veteran is going to get more compensation than the amount of compensation that is provided by the scheduler rating that is contemplated by 1155. The 1155 regulation caps out at a total rating. Special monthly compensation adds to that. You get the total rating plus. And the plus here is when you have a single disability rated total and additional disabilities that are 60 or more. Isn't it even possible to read the statute, even though it refers to disability or disabilities, that any one of them would have to be over 60% before it could be counted? I don't think so, Your Honor, because the use of the alternative would seem to negate that interpretation. Well, you could argue, what if you have three or four that are 60%? In other words, they could be simply saying that you've got to get to 60 with at least one. In other words, I think there's a lot of different ways you could interpret this statute and not necessarily conclude that it is unambiguous in every single way. I have to disagree with that, Your Honor, because to parse the statute in that way. Of course you have to, because you would lose if you don't disagree. That would be absolutely correct, and I would like to avoid doing it. To parse the statute in that fashion does what I believe the VA does and the Veterans Court affirms the doing of, which is to find the means to exclude. The statute should not be interpreted. In fairness, the VA and the Veterans Court actually are interpreting in a more veteran-friendly fashion than I just laid out or posited. So they're at least allowing for a mechanism of combining them. What I'm suggesting is that if Congress had intended to have them combined, 1155 and 1157 demonstrate that Congress knew how to use the term in combination. They didn't use that phraseology here. They didn't say combined. They simply said additional disabilities independently ratable at 60% or more. So the question becomes, what does the phrase mean when it says independently ratable? It is independent from Requirement 1 that it doesn't relate back to. The VA's own regulation recognizes this distinction between the first requirement of the total disability and something separate that is independently ratable. Other disabilities that don't relate to or are not dependent upon that first disability. But the goal here is to award special monthly compensation when a veteran is in a specific type of circumstance. And they have additional disability rated at 60 or multiple disabilities that are independently ratable at 60. Well, that's how the VA interprets it. Judge O'Malley's point is a good one. You're saying that the question is what additional service-connected disabilities mean. And she's saying what is independently ratable at 60% or more mean. And it could be a reasonable interpretation that each one of those has to be at least 60%. I'm not saying it is. I hear that, Your Honor. But what I'm trying to respond to is that even with that interpretation, that does not support the interpretation relied upon by the Veterans Court. The interpretation relied upon the Veterans Court was to export 4.25 and the VA's combined rating table. And there is just no basis within the plain language to suggest such a reach. As Judge O'Malley said, though, that's a more veteran-friendly interpretation than this plausible reading. Yes, and that's why this court has to go back and look at this through the lens of veterans' statutes. And that veterans' statutes must be interpreted in a manner that most advances the interest of the beneficiary. And the beneficiary in this case is the veteran. He has a total rating. He meets Requirement 1. There is no dispute. He then has three ratings of 20, 20, and 20. That meets the requirements of the statute as written. The only reason to import 4.25 is to deny his qualification. The veteran and the VA concedes that if you meet the requirements under 4.25, meaning that he had, let's say, a third 20, then he would have a combined rating of more than 60 and meet the qualification. How do you get around Guerrero, though? Didn't we specifically say that in considering this statute, you're supposed to use the combined ratings table? With respect, Your Honor, Guerrero only addressed Requirement 1. Guerrero did not address, and it was not at issue, what was the meaning of combined within Requirement 2. And what Guerrero was addressing was whether or not you could have multiple disabilities. Let's use the example of diabetes, where a diabetes has multiple disabilities that collectively, under the combined rating table, meet the requirements of 4.125. Guerrero said, no, you can't use the combined rating table to get to it because it's not a single disability. And that the difference between Requirement 1 is that you must have a single disability. And if the notion is that you have to have single disabilities, then three 20s are 60. And if three 20s are 60, then Mr. Gazelle and any other veteran who has, let's say, five, six disabilities rated at 10 percent, meets that requirement and is not penalized by the use of 4.25. I see that I'm in the bottom. Thank you. Good morning. May it please the court. Court should affirm the decision of the Veterans Court. Plain meaning of the statute shows that Congress intended for VA to use the combined ratings table to determine whether a veteran is entitled to specially monthly compensation. Can I ask you about that? I mean, how do we make a plain reading? I mean, you're saying that because Congress knew that this is what the Veterans Administration has been doing for decades, then we assume that that was the underpinning. That's not a plain reading. It is the plain meaning of the statute. It's not plain language, but it is plain meaning. And this court has recognized over and over and over again, for example, in Borrella, that the court is not just to look at the language in the statute itself, but also to look at other subsections of the statute. It's placement within the statutory and regulatory scheme, essentially the legal backdrop under which the statute was enacted. So why would it be impossible or routine for us to construe this provision in a way that corresponds to the other provisions? This is a separate and distinct provision. There's nothing in the statute that deals with this particular situation of, A, you've got a 100% rating, that's there, and then you're combining the additional rating. This is separate and distinct from anything else in the statute, right? I respectfully disagree, Your Honor. It's placed within 1114, which the A through J sets out the basic rates and monthly compensation, and the rest of that statute is the special monthly compensation sections. And we look at 1157, which specifically states that VA is supposed to provide for the combination of ratings and pay at the rates in subchapter 2. And subchapter 2 is exactly where 1114 is. Now, if Congress intended for VA to do something different, to do as Mr. Gazelle suggests, add up the disabilities, which they've never done, then Congress would have, A, specifically stated as such, or B, perhaps put it in a different section. Well, what would they have said? I mean, if you were writing the statute and that's what you wanted to do, and let's assume that you're going to keep it in the same section, what wording would you have used to make it clear that the results sought here by Mr. Carpenter is the correct one? Something to the effect of the additional disabilities shall add up to 60% or greater. But what about the fact that they used the word independently rateable? I mean, under your theory, it would seem like the best way for Congress to accomplish what they wanted to accomplish would be to say if their combined rating was X or 60% or more, and that's not what they said. That's correct. That's not what they said. But that's also not what they said for subsections A through J of 1114, in which they just simply say the disabilities rate to 20% pay X amount. That's why you go to 1157, which specifically says, directs VA to provide for the combination of ratings and pay at the rates, among other sections, 1114. Has there ever been another method used by the VA to rate multiple service-connected disabilities, other than the combined ratings? Not that I'm aware of. I couldn't find one. And that is a key point here. That is the backdrop upon which Congress was legislating in 1960. At this point, VA had been using the combined ratings table as directed by Congress since 1925. And they had a regulation in 1950 in which they specifically stated if there's two or more service-connected disabilities, use the combined ratings table. Not just set that aside. And Congress knew that when they enacted the special compensation provision. This language is clear. This plain meaning is clear and unambiguous based on that placement, based on that history. There's absolutely no support that independently rateable means add up the disabilities. VA, like we've said, never has added up additional disabilities. Never. Still hasn't. So is it your position that the statute is ambiguous and that therefore we need to defer to the VA's interpretation? Or are you saying it unambiguously supports your interpretation? It unambiguously supports our position because that plain meaning, the backdrop upon which Congress was legislating, shows that Congress's clear intent was for VA to use what it always used, which is the combined ratings table. If the court finds that language is unambiguous, finds that meaning is unambiguous, then the court should defer to VA's interpretation as set forth in the You said unambiguous. I'm sorry. In that regulation, VA specifically stated that this independently rateable language means that the first criterion is separate and distinct from the second criterion. Because your first assumption is that Congress actually pays attention to what agencies are doing when they pass statutes. And there are a lot of cases that debunk that notion. That is my assumption, Your Honor. Are you basing that on Sutherland, on statutory construction? No. There are cases that recognize that Congress, such as FDA v. Brown, the United States Supreme Court case, that Congress is presumed to understand this regulatory backdrop, especially when the agency has been holding a consistent position throughout the years. And here they have held a consistent position for 35 years before Congress enacted Subsection S in 1960. And in this case, it's especially striking because Congress, only two years earlier, when it placed all of the veteran statutes in Title 38 of the United States Code in 1958, again directed VA to provide for the combination of ratings and provide for the combination of ratings and pay the rates in Subchapter 2, which only two years later put that Subsection S in as an issue here. So here we can feel very confident that Congress did know about the legislative and regulatory backdrop, and that's what they were legislating against. The Court has no further questions. Thank you. Thank you. It seems to me, Your Honor, that the government's position is inherently contradicted. It says that the language is unambiguous, but then it explains that, to be clear, Congress would have said these are to be combined, and that's not what Congress said. What Congress said was additional disabilities independently ratable. And the meaning of that, they say is clear, but they actually put a qualification on that clarity. They said it is clear, but you have to use a specific method. But no method is required. Sixty is sixty. Twenty, twenty, and twenty is sixty. There's no method to this. You use a method for an express purpose. The express purpose is when you're determining how much compensation will be paid when that compensation payment is less than total. Do you have any legislative history in which Congress says, we're going to go outside the norm here? No, Your Honor, but this Court has to look at, and the government has urged the Court to find that this language is unambiguous. If the Court's going to look at the ambiguity of this language, then it has to be confined to 1114 and to 1114S1, not to import something else to create a method. That's not what the government argued. The government argued that it was unambiguous in light of realities. That's what she said. Then maybe I am overstating it. I respectfully did not hear it that way. The way that I heard it was is that it becomes unambiguous because there are these other provisions in 1155 and 1157 that use the very phrase which is absent in combination. And it is the absence of that that I believe this Court, in looking at this in the context of the proclaimant nature of what Congress was trying to do in writing these statutes, to read this regulation in a way that favors beneficiaries as opposed to the way in which the government has urged that disfavors veterans. In particular, Mr. Gozell, I have nothing further unless there's further questions. Thank you. We thank both sides and the case is submitted.